IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANDO CHAGOYA, JOSHUA CHAMPION, NICHOLAS CHRABOT, SHANE COLEMAN, ERIC CRONIN, CHRISTOPHER DeCANTO, KYLE GLEESON, JORGE HEREDIA, ERIC JAMES, PETER JONAS, EVAN KILPONEN, ADAM MASETH, RYAN McCALLUM, SCOTT MINNECI, PETER MOORE, JOHN MURPHY, RYAN NUTILE, JUSTIN RAETHER, PHILLIP RENAULT, SALVATORE RUGGIERO, PACHARA SANTISUK, KEVIN SHEAHAN, MARCO ZENERE,  Plaintiffs,  vs.  CITY OF CHICAGO,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. 18 CV 6468  JURY DEMAND |

**COMPLAINT**

1. This is cause of action brought by ARMANDO CHAGOYA, JOSHUA CHAMPION, NICHOLAS CHRABOT, SHANE COLEMAN, ERIC CRONIN, CHRISTOPHER DeCANTO, KYLE GLEESON, JORGE HEREDIA, ERIC JAMES, PETER JONAS, EVAN KILPONEN, ADAM MASETH, RYAN McCALLUM, SCOTT MINNECI, PETER MOORE, JOHN MURPHY, RYAN NUTILE, JUSTIN RAETHER, PHILLIP RENAULT, SALVATORE RUGGIERO, PACHARA SANTISUK, KEVIN SHEAHAN, and MARCO ZENERE (hereinafter "Plaintiffs"), Chicago Police Officers below the rank of sergeant who are or were assigned to the of the Chicago Police Department's SWAT Unit for purposes of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201,

*et. seq.* (hereinafter "FLSA"), the Illinois Wage Payment Collection Act as amended, § 820 ILCS 115/1, *et. seq.* (hereinafter "IWPCA"), and the Illinois Minimum Wage Law, § 820 ILCS 105/1 *et. seq.* (hereinafter "IMWL"), for unpaid compensation, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant has willfully violated the FLSA, IWPCA, and IMWL by intentionally failing and refusing to pay Plaintiffs all compensation due them under the FLSA, IWPCA, IMWL, and their implementing regulations over the course of the last ten years. Defendant administered a compensation system that failed to provide hourly compensation and premium overtime compensation to employees that work while "off the clock." Plaintiffs and other SWAT team members have a large amount of gear and various weapons that they are required to have at all times while working.

3. As part of their mission, Officers assigned to the Chicago Police Department's SWAT team are required to transport, load, unload, and secure their weapons and other specialized gear unique to their SWAT assignment each workday in their personal and department vehicles ("vehicles") and outside their normal working hours without receiving any compensation.

4. Specialized gear and equipment for a Chicago Police SWAT Officer includes, but is not limited to, an M4 rifle with optic and NVG laser pointer, ballistic entry vest and helmet, radio and headset, 9mm & M4 magazines, a medic pack, ear protection, goggles, fire retardant gloves, tactical duty rig, NVG night vision goggles, hazmat gear, gas mask, cold weather gear, rain gear, a breaching shotgun, breaching tools, sniper rifle, sniper gear, rappelling gear, training mags, Simms mask and a shooting mat.

5. While transporting, loading, unloading, and securing SWAT weapons and gear to and from a police facility each workday "off the clock" in their vehicles, Plaintiffs are forbidden from leaving said vehicles unattended or having civilian passengers in said vehicles. Thus, a SWAT team member cannot pick up a child from school or meet his family at a restaurant for dinner on the way to or from work, yet this time spent transporting, loading, unloading, and securing their SWAT weapons and gear each workday is not compensated. Defendant's deliberate failure to compensate its Chicago Police Department employees for these hours worked violates the federal and Illinois state laws as set forth in the FLSA, IWPCA, and IMWL.

6. Officers assigned to the Chicago Police Department's SWAT team are required to transport, load, unload , and secure their weapons and other specialized SWAT gear in and out of their vehicles each workday outside their normal working hours without receiving any compensation.

## JURISDICTION

7. Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and, 28 U.S.C. §§1331, 1337, and 1367(a).

8. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

9. This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

10. The Plaintiffs are employees of Defendant, within the meaning of FLSA, 29 U.S.C. §203(e), IWPCA, § 820 ILCS 115/2, and IMWL, § 820 ILCS 105/3. As shown by the signed consents attached to this complaint, they have consented to become Named Plaintiffs of this action. (See attached Group Exhibit 1). Plaintiffs are adult resident citizens of the Northern

District of Illinois employed as Police Officers who are or were assigned as SWAT team member by the Chicago Police Department during the relevant statutory periods.

11. In accordance with Fed. R. Civ. P. 20, Plaintiffs are joining this single action because they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Plaintiffs will arise in this action.

12. The Defendant, City of Chicago, is a municipal corporation organized and existing under the laws of the State of Illinois. The Defendant is, and at all relevant times, has been, the employer of Plaintiffs. The Chicago Police Department is a public agency of the City of Chicago engaged in law enforcement activities.

13. The Defendant, City of Chicago, is an employer within the meaning of the FLSA § 29 U.S.C. 203(d), IWPCA, § 820 ILCS 115/2, and IMWL, § 820 ILCS 105/3.

## BACKGROUND

14. On February 19, 1985, the Supreme Court held in *Garcia v. San Antonio Metropolitan Transit Authority*, 105 S. Ct. 1005 (1985) that the FLSA applies to state and local employees. On November 13, 1985, the FLSA Amendments of 1985, (Public Law 99-150) was enacted. The FLSA Amendments of 1985 adjusted the provisions of the Act specifically to the concerns of public employees. Under the 1985 Amendments, liability for compliance with the FLSA became applicable to the Chicago Police Department on April 15, 1986.

## FACTS COMMON TO ALL CLAIMS

15. Plaintiffs work or have worked within the past three years for the Chicago Police Department SWAT team in their respective capacities as non-exempt FLSA, IWCPA, and IMWL employees.

16. Plaintiffs were compensated on an hourly basis.

17. Defendant knew that Plaintiffs performed work that required payment of wages and overtime compensation. Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Plaintiff and the Collective Class for all hours worked.

18. Defendant provided Plaintiffs with operating procedures explaining that SWAT team members were not to leave their vehicles unattended while their SWAT gear and weapons were in said vehicles, not to leave their SWAT gears and weapons in their vehicles if they were not transporting that gear to or from work, nor were they to have any non-police personnel in their vehicles while transporting SWAT weapons and gear to and from work each day.

19. Defendant recognizes the amount of time it takes for Plaintiffs to load, unload, and secure SWAT weapons and specialized gear as they are granted one-quarter of an hour of time on the front and back ends of their shifts to load, unload, and secure their specialized gear.

20. The reason why the Chicago Police Department required that Plaintiffs transport, load, unload, and secure their specialized gear while off-duty was so that they would be available to answer and respond to critical incidents, callouts, and emergency assignments outside of their normal working hours with their specialized SWAT gear and weaponry in their vehicles so that response times would be absolutely minimal.

21. Defendant's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs.

## COUNT I: <br> VIOLATION OF THE FLSA

22. Plaintiffs are SWAT Team members below the rank of sergeant who are or have been employed by the Chicago Police Department as non-exempt FLSA personnel who worked

"off the clock" securing and transporting SWAT weapons and specialized gear in their vehicles from their personal residences to a police facility and back without receiving any compensation, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case.

23. Additionally, Plaintiffs are Police Department SWAT Team members below the rank of sergeant who worked "off the clock" loading, unloading, and securing SWAT weapons and specialized gear in and out of their vehicles at their personal residences without receiving any compensation, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case.

24. In accordance with 29 U.S.C. § 207(k) and 29 C.F.R. § 230(b) of the FLSA, Plaintiffs, as employees of a public agency engaged in law enforcement activities, earn overtime wages at the rate of one and one-half times the regular rate at which they are employed for hours worked in excess of one hundred and seventy-one (171) hours per twenty-eight (28) day work period.

25. In the past three years, Plaintiffs have worked in excess of one hundred and seventy-one (171) hours in at least one twenty-eight (28) day work period and were not paid their full overtime compensation by the Defendant.

26. Pursuant to FLSA 29 U.S.C. § 207(a)(1), Defendant violates FLSA overtime requirements by failing to provide full overtime compensation for Plaintiffs for hours worked in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

27. Defendant failed to keep appropriate records as required by the FLSA, with respect to the Plaintiff and Collective Class, sufficient to determine wages, hours, and other

conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

28. The foregoing conduct of Defendant is in violation of the rights of Plaintiffs under the Fair Labor Standards Act of 1938, as amended.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiffs of their entitlement under the FLSA;

B. Award each Plaintiff monetary damages in the form of hourly compensation, overtime compensation and liquidated damages equal to their unpaid compensation and overtime compensation, plus interest;

C. Award Plaintiffs their reasonable attorney's fees, costs and expenses, to be paid by Defendant; and

D. Grant such other relief as may be just and proper.

## COUNT II:
## VIOLATION OF STATE LAW IWPCA
(Class Action)

29. Count II fully incorporates all facts in paragraphs 1 – 28 as if fully stated herein.

30. The matters set forth in this Count arise from Defendant's violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*.

31. Defendant has violated the IWPCA by failing to pay Plaintiffs all wages due to them within the past ten years in accordance with 820 ILCS §§ 115/2-4. Defendant administered an unlawful compensation system that failed to provide compensation to Plaintiffs for hours worked in a given work period. The wage agreements between Plaintiffs and Defendant are attached to this Complaint as Exhibits 2 and 3.

32. As a result of Defendant's unlawful practice, Plaintiffs suffered a loss of unpaid wages. This action is brought to recover unpaid wages, statutory penalties, and damages owed to Named Plaintiffs and Class Plaintiffs by Defendant.

33. The foregoing conduct of Defendant is in violation of the rights of Plaintiffs under IWPCA §§ 820 ILCS 115/2-4 and 14.

34. The Defendant's violation of the IWPCA was willful in that the Defendant was aware, or should have been aware, of its obligations under the IWPCA, but nevertheless attempted to circumvent its provisions.

## RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiff and Class Plaintiffs of their entitlements under the IWPCA;

B. Enter injunctive relief enjoining Defendant from violating the IWPCA;

C. Award Plaintiffs monetary damages in the form of unpaid wages due and owing to the Plaintiffs for each hour the Plaintiffs worked but for which the Defendant failed to pay the Plaintiffs at a rate equal to the regular rate at which the Plaintiffs were employed;

D. Award Plaintiffs compensation and liquidated damages equal to their unpaid compensation, plus interest;

E. Award Plaintiffs reasonable attorney's fees, costs, and expenses, to be paid by Defendant;

F. Award Plaintiffs statutory and punitive damages pursuant to the IWPCA; and

G. Grant such other relief as may be just and proper.

## COUNT III:
## VIOLATION OF STATE LAW IMWL

35. Count III fully incorporates all facts in paragraphs 1 – 34 as if fully stated herein.

36. The matters set forth in this Count arise from Defendant's violations of the minimum wage and overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4(a).

37. Defendant violated the IMWL, 820 ILCS 105/4(a), by refusing to compensate Plaintiffs for overtime for all hours worked in excess of their regularly worked hours in a given work period at a rate not less than one and one-half times the regular rate at which they were employed.

38. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

39. The Defendant's violation of the IMWL was willful in that the Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

## **RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. Enter a declaratory judgment declaring that the Defendant has willfully, intentionally, and wrongfully violated its statutory obligations and deprived Plaintiff and Class Plaintiffs of their entitlements under the IMWL;

B. Enter injunctive relief enjoining Defendant from violating the IMWL;

C. Award Plaintiffs compensation and liquidated damages equal to their unpaid compensation, plus interest;

D. Award Plaintiffs reasonable attorney's fees, costs, and expenses, to be paid by Defendant;

E    Award Plaintiffs statutory and punitive damages pursuant to the IMWL; and

F. Grant such other relief as may be just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

                                              Respectfully Submitted,

                                              *Paul D. Geiger*
                                              PAUL D. GEIGER
                                              Lead Counsel for Plaintiffs

Paul D. Geiger
Ronald C. Dahms
Sean C. Starr
540 W. Frontage Road, Suite 3020
Northfield, IL 60093
(312) 609-0060